# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF ILLINOIS

MANITH VILAYHONG

Plaintiff,

V.

BENERIO SANTOS et al,
sued in their individual and
official capacities,

Defendants

Case No. ~~N/A~~
19-cv-748-SMY

## I  JURISDICTION

Plaintiff brings this lawsuit pursuant to 42 U.S.C. §1983. This court has jurisdiction under 28 U.S.C. §1331 + 1343. Plaintiff also seeks declaratory judgment pursuant to 28 U.S.C. §2201.

## II PARTIES

Plaintiff:

A. Plaintiff Manith Vilaybong M17024 is currently incarcerated at Centralia Correctional Center, which is located at P.O. BOX 711, Centralia IL, 62801.

Defendants:

Defendant #1:

B. Defendant Benerio Santos was at all times relevant to this action the Physician at C.C.C., and was acting under color of state law. He is employed by Wexford Health Sources and his working address is P.O.BOX 711, Centralia IL, 62801.

Defendant #2

C. Defendant Lara Nalewajka RN, HCUA, ADA COORDINATOR, was at all relevant times to this action the Health Care Unit Administrator and Americans with Disabilities Act Coordinator at C.C.C., and was acting under color of state law. She is a state employee and her working address is P.O.BOX 711, Centralia IL, 62801.

2

## III PREVIOUS LAWSUITS

Plaintiff has filed 1 prior civil action Vilayhong v. Goins #15-3302, which was assigned to Judge Colin Stecling Bruce and was dismissed in 2017.

## IV GRIEVANCE PROCEDURE

Plaintiff has Exhausted his Administrative Remedies pursuant to the Prison Litigation Reform Act 42 U.S.C. §1997 e(a)

# V                                      <u>COMPLAINT</u>

This is a civil action filed by Manith Vilayhong, Pro Se,
a state prisoner, alleging Defendants denied him adequate
medical care in violation of 8th Amend Right to be free
from cruel and unusual punishment, and that Defendants
callous disregard to his serious medical needs puts him
at risk of imminent harm.


1. Plaintiff has 2 Major staph infections of
   PSEUDOMONAS AERUGINOSA VARIETY 1 AND VARIETY 2 in
   both of his ears, and also has THRUSH on his tongue,
   in his ears, and possibly in his esophagus. (EXHIBIT 2r,
   2t, 2u, 3p)


2. Plaintiff has made multiple requests to Defendants
   asking to go to an outside hospital and see an ears-
   nose-throat (ENT) specialist and has been denied.
   (EXHIBIT 2b, 2c, 2d, 2e, 2n, 2p, 2r2, 2s, 3a, 3e, 3i, 3j,
   3m, 3m1, 3p)


3. Plaintiff's bi-lateral PSEUDOMONAS ear infections
   are well established resulting in CHRONIC OTITUS MEDIA.
   (EXHIBIT 2r, 2r1, 2r2, 2u, 2w, 2x, 2z, 3d, 3i, 3j, 3k, 3L, 3p)

4. On 1-17-19, Plaintiff began to complain to Centralia Correctional Center (C.C.C.) Health Care Unit (HCU) Staff about increased pressure in his ears due to blocked eustachian tubes resulting in excruciating ear pain; distorted hearing; vertigo; tinnitus. (EXHIBIT 1a, 1b, 1c, 1d, 1e, 1f, 2a, 2aa, 2b, 2c, 2d, 2e, 2s)

5. Plaintiff was unaware at the time he had contracted 2 Major staph ear Infections. (EXHIBIT 2r, 2s)

6. Plaintiff filed an Emergency Grievance on 1-24-19 grieving his ear issues and on 1-30-19 Defendant Nalewajka responded, therefore documenting her official notice of Plaintiff's serious medical needs and known ear issues. (EXHIBIT 2b, 2c, 2d, 2e, 2n pg 1, 2s pg 1, 2)

7. On 1-31-19, Plaintiff saw Defendant Santos and voiced complaints about his ear issues therefore putting Defendant Santos on official notice of Plaintiff's serious medical needs. (EXHIBIT 2g, 2b, 2c, 2d, 2e, 2f, 2n, 2s pg 3)

8. From Plaintiff's initial complaints to Defendants about his ear issues, he endured an unreasonable delay of 71 days before Defendant Santos performed a culture swab in his ear to identify the culture of his infections so they could be treated with proper antibiotics. (EXHIBIT 2s pg 7, 8, 2q, 2r, 2r1, 2r2)

9. On 2-6-19, and 2-18-19, Defendant Santos turned Plaintiff away from (HCU) telling him he was fine and Plaintiff appealed inadequate treatment to Defendant Santos supervisor Defendant Nalewajka and the extensive delay in treatment still occurred. (EXHIBIT 2s, 2n, 2p, 2r2)

10. On 4-4-19, Defendant Santos began proper treatment for Plaintiff's ear infections by prescribing 30 days of oral Levaquin antibiotics and 30 days of Ciprofloxacin antibiotic ear drops. (EXHIBIT 2r1, 2r2, 2s pg 7, 3f)

11. On 4-4-19, shortly after Plaintiff's Physician visit with Defendant Santos, Plaintiff had his first interview with Defendant Nalewajka and expressed concerns that he was not be treating adequately by Defendant Santos due to undue delay and deliberate Indifference, and that Defendant Nalewajka herself was not properly supervising Defendant Santos resulting in Plaintiff suffering. (EXHIBIT 2r2, 2s)

6

12. On 4-26-19, Plaintiff returned to Nurse sick call (NSC) due to ear pain and it was discovered he had thrush, on his tongue which is a parasitic fungus resulting from the side effects of the Levoquin antibiotics (EXHIBIT 2t, 2u, 3p)

13. On 4-29-19, Defendant Santos prescribed Plaintiff Nystatin a probiotic to treat the thrush which was to be taken for 7 days. (EXHIBIT 2u, 3g, 3p)

14. On 5-6-19, Defendant Santos provided Plaintiff his 30 day follow-up (F/U) and also gave him his yearly physical examination, and shortly after Plaintiff spoke to Defendant Nalewajka about his ear issues and thrush. (EXHIBIT 2w, 2x)

15. Defendant Santos physical examination of Plaintiff documents his mouth and throat as "normal" and does not indicate Plaintiff has thrush in his mouth; throat; or ears. (EXHIBIT 2w, 2x)

16. Defendant Santos continued Plaintiff on ear drops for 30 more days with plans to (F/U). (EXHIBIT 2x, 3g)

17. On 5-29-19, Plaintiff submitted for NSC due to increased ear pain and his tongue still being white and same day he also wrote Defendant Nalewajka informing her he would be requesting; more probiotics; another ear culture; more Levaquin. (EXHIBIT 2y 1)

18. On 5-31-19, Plaintiff went to NSC and voiced complaints about increased ear pain and thrush and the Nurse Jane Doe bumped up his 6-6-19, 30 day f/u to 6-1-19, but for some reason this NSC is not documented in his medical records.

19. On 6-1-19, Defendant Santos evaluated Plaintiff for his 30 day f/u and told him his ear infections were gone; denied him; probiotics, Levaquin, culture swabs, but ordered him more ear drops with no plans to f/u. (EXHIBIT 2z, 3a, 3b, 3h)

20. On 6-1-19, and 6-2-19, Plaintiff appealed treatment to Defendant Nalewajka (EXHIBIT 3a, 3b)

21. On 6-3-19, Plaintiff's Grandmother contacted Defendant Nalewajka about Defendant Santos inadequate treatment of Plaintiff. (EXHIBIT 3m)

22. On 6-26-19, Plaintiff returned to NSC due to increased ear pain, and pus from infections in his ears. (EXHIBIT 3i, 3j, 3k.)

8

23. Plaintiff has his medical records up to 6-1-19 and received his most recent medical records on 6-24-19, and can request them only once every 30 days.

24. On 6-26-19, Plaintiff filed an E-Grievance due to his same day NSC treatment. (EXHIBIT 3i, 3j, 3k)

25. On 6-27-19, Plaintiff's Grandmother contacted Defendant Nalewajka about Plaintiff's medical treatment (EXHIBIT 3m)

26. On 7-2-19, Defendant Nalewajka responded to Plaintiff's E-Grievance and turned a blind eye to Plaintiff's serious medical needs. (EXHIBIT 3i, 3j, 3k)

27. On 7-2-19, Plaintiff's Grandmother contacted Springfield and was directed to contact Mary Klein who is a medical director for Illinois.

28. On 7-3-19, Plaintiff's Grandmother contacted Mary Klein who contacted Defendant Nalewajka at C.C.C. and same day Mary Klein informed Plaintiff's Grandmother that no "release form" was on file. (EXHIBIT 3m)

29. Plaintiff and his family were getting the "run-around", (EXHIBIT 3m)

9

30. On 7-3-19, Plaintiff spoke to his correctional counselor (CC) and voiced complaints of ear issues, and his CC sent an e-mail to Defendant Nalewajka, (EXHIBIT 3n)

31. On 7-4-19, Plaintiff went to NSC and the treating Nurse Jane Doe documented white substance in his ears indicating infection. (EXHIBIT 3p)

32. On 7-8-19, Plaintiff went to his Physicians appointment and was treated by Dr. Meyers who was filling in for Defendant Santos (EXHIBIT 3p)

33. Dr. Meyers identified thrush on Plaintiff's tongue and ears and indicated the fungus may have spread to his esophagus; submitted an ENT referral; provided bi-lateral culture swabs of Plaintiff's ears. (EXHIBIT 3p)

34. On 7-8-19, Plaintiff's CC responded about Defendant Nalewajka's response to this CC 7-3-19 e-mail about Plaintiff's ear issues. (EXHIBIT 3o)

35. On 7-10-19, Plaintiff spoke to his CC and asked him if he had read Plaintiff's E-Grievance and Defendant Nalewajka's response, and he indicated he had not as he does not process grievances. (EXHIBIT 3i, 3j, 3k)

36. Plaintiff is currently waiting on the test results of his 7-8-19 bi-lateral ear culture and his medical condition is ongoing (EXHIBIT 3p)

37. Defendants Benerio Santos and Lana Nalewajka have shown a callous disregard for Plaintiff's serious medical needs and he is at substantial risk of imminent harm in the future.


Respectfully Submitted,

M Vilayhong

MANITH VILAYHONG

Centralia C.C.

P.O. BOX 711

Centralia IL, 62801

11

# VI    REQUEST FOR RELIEF

1. Request this honorable court issue an injunction directing the Defendants to provide Plaintiff adequate medical care.

2. Request this honorable court direct IDOC to send Plaintiff to an ENT Specialist.

3. Request compensatory and punitive damages from Defendants

4. Request Plaintiff be reimbursed for his filing fee, and the costs of copies and postage incurred in this civil action.

5. Request any other equitable relief this honorable court deem necessary.

# VII    JURY DEMAND

The Plaintiff requests a trial by jury.

# DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I Manith Vilayhong, hereby declare under penalty of perjury pursuant to 28 U.S.C. §1746, that the complaint and exhibits contained here-in are true and correct to the best of my knowledge. I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: 7-16-19        M Vilayhong

MANITH VILAYHONG

Centralia Correctional Center
P.O. BOX 711
Centralia IL, 62801

2y1

I, MANITH VILAYHONG, hereby declare under penalty of perjury pursuant to 28 U.S.C. §1746, that the following statements are true and correct.

On 5-29-19, I wrote Defendant Nalewajka a letter informing her I would be putting in to see the Dr. Defendant Santos, and that I was going to request more probiotics because my tongue was still white and was also going to request another ear culture and more Levaquin.

I had labeled a copy of this letter EXHIBIT 2y and lost it and am trying to locate it.

MANITH VILAYHONG

M Vilayhong

C.C.C.
P.O. BOX 711
Centralia IL, 62801

## CERTIFICATE OF SERVICE

I MANITH VILAHHONG, hereby declare that on July 16, 2019
I caused a copy of Amended complaint, to be mailed by
United States Postal Service, properly addressed and fully
prepaid to the following;

CLERK OF THE COURT
SOUTHERN DISTRICT OF ILLINOIS
750 MISSOURI AVE
EAST ST. LOUIS IL, 62201

Respectfully Submitted,

M Vilahhong

MANITH VILAHHONG
Centralia C.C.
P.O. BOX 711
Centralia IL, 62801

3M
AMENDED

==MANITH VILAYHONG M17024 S4-C8==
CENTRALIA C.C.
P.O. BOX 711
CENTRALIA IL, 62801

JUL 0 4 2019

July 3, 2019

SP

LANA NALEWAJKA HCUA
CENTRALIA C.C.
P.O. BOX 711
CENTRALIA IL, 62801

RE: MEDICAL INFORMATION RELEASE FORM

ON April 10, 2019, my Grandmother ~~████████~~
~~████████████████████~~ contacted
you by phone requesting to speak with you about
my Medical Information. The same day you sent
me a release form which I completed and sent
back to you that night, On June 3, 2019, and
June 27, 2019, my Grandmother contacted you
and you disclosed my Medical Information to
→

her, up until today there has been no problem
with the disclosure of my Medical Information.
Today my Grandmother contacted Mary Klein
Medical Administrator for Centralia C.C. who
contacted you. Mary Klein informed my Grandmother
that upon contacting you it was conveyed that
there is no authorization to disclose Medical Information.
Mary Klein directed my Grandmother to tell me to
send you a request for a Medical information release
form so my Grandmother may have permission to
discuss my Medical information with Mary Klein
and vice-versa. To my personal direct knowledge
I have already authorized this same action before
and you have already discussed my Medical Information
with my Grandmother, which would indicate either
this authorization form is already on file or your
discussing Medical Information with my Grandmother
without my authorization to do so. It appears to
me that my family and I are getting the run-around.

Manith Vilayhong

C.C. FILED

UPTOWN PEOPLE'S LAW CENTER

7-8-19   I had not informed M. Klein - she never spoke
with someone else. I informed M. Klein we do have
a release on 7-8-19 ———— L Malewgka RN, HCU

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received:** 5/3/2019          **Date of Review:** 5/9/2019          Grievance # (optional): 19-4-122

**Offender:** Vilayhong                                                    **ID#:** M17024

**Nature of Grievance:** medical treatment

**Facts Reviewed:** Offender states he has a chronic inner ear infection, but has been charged a copay every time he has been seen by the HCU staff. Offender requests his copay refunded.

**COUNSELOR RESPONSE:** Per HCUA, offender grievance and medical record have been reviewed. Ear infections are not one of the chronic clinic conditions exempt from copays, therefore, HCU staff are required to charge the $5.00 copay. If offender feels he was charged inappropriately, he can address his concerns directly to the HCUA. No documentation exempting offender from the copay will be provided. Ibuprofen ordered on 4-4-2019 was a 10 day supply, if taken as ordered. Offender has not been charged any copays since January per the Business Office.

Grievance Officer reviews Policy,

Offenders who request non-emergency treatment shall pay the Department a $5.00 co-pay per visit. Services are non-emergency services when requested by the offender and determined to be non-emergent by examining medical personnel such as a Certified Medical Technician, Dentist, Mental Health Professional, Nurse, Nurse Assistant, Physician or Physician's Assistant. An offender who has been diagnosed with a chronic illness shall be exempt from the $5.00 co-pay for treatment of the chronic illness at the regularly scheduled chronic illness clinic visit.
At the time of the non-emergency evaluation, the offender shall be required to sign an Offender Authorization for Payment, DOC 0296, authorizing the deduction of the co-pay from present or future funds in his or her trust fund account. Justification for the co-pay shall be documented in the progress notes. Indigent offenders, as defined in 730 ILCS 5/3-6-2, subpart (f), shall be exempt from the co-pay.

**Recommendation:** Based upon a total review of all available information, this Grievance Officer recommends offender's grievance be denied.

Susan Walker CCII
_____          _____
Print Grievance Officer's Name                    Grievance Officer's Signature
**(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

**Date Received:** MAY 10 2019          ☑ I concur     ☐ I do not concur     ☐ Remand

**Comments:** CENTRALIA CORRECTIONAL CENTER
WARDEN'S OFFICE

_____                              5/9/19
Chief Administrative Officer's Signature                          Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

M Vilayhong                              M17024          5-28-19
_____          _____          _____
Offender's Signature                          ID#              Date

COAGULASE NEGATIVE

Lana Nalewajko and I went over the lab results and discussed my treatment plan which is reflected in her 4-4-2019 HCUA Note, which indicates I suffer from a chronic ear condition which... results in pain and frequent infections to my ears. This documentation indicates a direct correlation between my chronic "increased pressure" and infections, therefore, any further treatment directly relating to these ailments shall be exempt from the $5 co-pay.

If I need more Ibprufen for pain and inflammation during the course of my treatment I should not be charged. If my tongue is white due to the infections or as a side effect from the antibiotics and I'm put in to see the physician I should not be charged for that and etc... All of these issues are directly related to the underlying "chronic inner ear disorder".

I have not been informed by any Wexford or State employees as to the seriousness of my 3 staph infections. I asked my family to research the infections and inform me of their findings.

To my knowledge the first 2 varities have formed clusters around the Rare Staph and until the first 2 varities are killed it cannot be determined which antibiotics the Rare Staph may be susceptible. If you look at my culture results you will notice that there are no susceptibility indications for the Rare Staph.

Therefore, it is unknown how long my treatment plan will last. On 4-26-19 I received a 3 day supply of Ibprufen. The treating Nurse Ms. S informed me that nowhere in my file does it direct any exemption of the $5 co-pay for my treatment. I directed her to review Ms. Nalewajko's 4-4-2019 HCUA NOTE and she exercised her discretion and decided to charge me, thus indicating the HCUA NOTE was insufficient. I disagree and contest that there is a significant breakdown in communication among the health care staff. The discretion being used appears to be inadequate and the health care system gives too much latitude.

What documentation in furtherance of the HCUA NOTE is required to put all proper personnel on notice that an offender shall be exempt co-pay if treatment is for a chronic condition?

It is unreasonable to continue to charge me. A 3 day supply of Ibprufen renewed 10 times equals a 30 day supply for $50. A 10 day supply renewed 3 times would cost $15.

How many months my treatment will last is unknown. I should not be treated unfairly like this.   C.C. FILED

34 C8
(1 OF 2) 34 CO2

**ILLINOIS DEPARTMENT OF CORRECTIONS**
## OFFENDER'S GRIEVANCE

| Date: 4-28-19 | Offender: (Please Print) Manith Vilaybang | ID#: M17024 |
|---|---|---|
| Present Facility: C.C.C. | Facility where grievance issue occurred: C.C.C. | 19-4-122 |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [X] Other (specify): $5 Co-pay

- [ ] Disciplinary Report: ____ / ____ / ____
  Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):**

I am filing this grievance in order to document a complaint about being charged a $5 co-pay for health care treatment which is directly related to my chronic inner-ear disorder and 3 current staph infections in my ears.

On 4-4-2019, I was informed by the Physician Dr. Santos and Lana Nalewaijka that my lab results from my 3-29-2019 copay eswab indicated 3 major staph infections in my ears.
1) MANY PSEUDOMONAS AERUGINOSA VARIETY 1, 2) MANY PSEUDOMONAS AERUGINOSA VARIETY 2, 3) RARE STAPHYLOCOCCUS SPECIES

**Relief Requested:** Request $5 co-pay be re-imbursed, Request Medical file contain a direct order from the HCUA exempting co-pay for chronic ear disorder a 3 Major staph Infections.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

M Vilaybang                                    M17024   RECEIVED 19
Offender's Signature                           ID#      MAY 03 2019
(Continue on reverse side if necessary)

RECEIVED
APR 29 2019                                    CENTRALIA CORRECTIONAL CENTER
                                               GRIEVANCE OFFICER

---

| **Counselor's Response (If applicable)** |
|---|

Date Received: Centralia Correctional Center
Clinical Services   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Record Reviewed. To clarify a few things in your grievance, the HCUA did document the information you reported. HCUA did not indicate any medical diagnosis outside of your self-report and information within your medical record. Ear infections are not one of the Chronic clinic conditions which are exempt from co-pays therefore the nursing staff are required to charge the $5 co-pay and you can discuss any concerns on the co-pay charge with the HCUA if you feel a charge is inappropriate. The HCUA will not document exempting you from co-pay but am willing to talk to you to evaluate appropriateness of charges. My Ibuprofen expired on 4-4-19 was a 90 day supply if patient runs out they have not been charged any copay since per Nursing. This grievance is being offered to HCUA. Therefore, HCUA is unsure what to respond to this grievance is referring to.

CCII ROLLINS                   Rollins                  5/3/19
Print Counselor's Name         Counselor's Signature    Date of Response

---

| **EMERGENCY REVIEW** |
|---|

Date Received: ____ / ____ / ____   Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____              ____ / ____ / ____
Chief Administrative Officer's Signature                Date

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received:** 4/29/2019          **Date of Review:** 5/6/2019          **Grievance #** (optional): E-19-4-125

**Offender:** Vilayhong                                                      **ID#:** M17024

**Nature of Grievance:** medical treatment

**Facts Reviewed:** Offender states he has seen the doctor because of three staph infections in his inner ears. Offender says he told the doctor his ears hurt constantly and he is unable to use his ear buds. Offender says the doctor advised him not to use the ear buds and that the infections are very resilient. Offender say he has been treated for the same infections for months. Offender also says there is pressure built up in his ears that also creates symptoms. Offender says the treatment plan is not working.

Offender requests a vibrating watch and headphones like other offenders who have problems hearing per ADA guidelines.

Per HCUA, offenders grievance as well as the medical record have been reviewed. Dr. Santos saw Offender Vilayhong on 4/29/19 due to complaints of thrush type symptoms and was prescribed medication for that. Offender Vilayhong will have another upcoming appointment to check the status of his ear infections after he completes his course of antibiotics which should be the week of the 6th. Mr. Vilayhong had a hearing screening which he passed, he was referred to the physician for his symptoms, ear flushes were initiated. Dr. Santos has provided treatments and follow-up. Per the policy of Centralia Correctional Center, over the ear headphones may not be purchased by offenders, as the use of electronic devices are not medically necessary. They are only utilized for those individuals who have been deemed chronically hard of hearing. Mr. Vilayhong passed his hearing screening given, therefore, would not be in need of a vibrating watch nor over the ear headphones per ADA, as this is an acute infectious process. I will be following up with Mr. Vilayhong after his follow-up with Dr. Santos. Dr. Santos recommended that he abstain from using his ear buds temporarily due to the acute infection he has at this time. Again, a full follow-up should be done soon after his antibiotics are completed.

**Recommendation:** It is this writer's findings that the offenders medical concerns are being addressed by the facility's health care staff: therefore, I recommend grievance be denied. Only qualified Medical staff can determine medical care.

Susan Walker CCII
_____          _____
Print Grievance Officer's Name                    Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

**Date Received:** _____          ☒ I concur          ☐ I do not concur          ☐ Remand

**Comments:** CENTRALIA CORRECTIONAL CENTER
WARDEN'S OFFICE

_____                              5/6/17
Chief Administrative Officer's Signature                              Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____          M17024          5-28-19
Offender's Signature                    ID#              Date

be fighting these infections for months.

I have not been able to use my earbuds for a long time and have already been denied ADA accomodations.

This is a violation of my 8th Amend right to be free from cruel and unusual punishment.

I can not listen to my T.V. or radio Period. Earbuds are dangerous for my ears and hurt.

The Physician told me to NOT USE EARBUDS. I am following his treatment plan. He told me he knows I can't hear.

Other people who can not hear well have headphones and a watch. why am I being treated differently and discriminated against?

I also have chronic inner ear pressure which bulges my ear drums out and cause symptoms. Together with the 3 Major staph infections I'm suffering, I have hearing loss, vertigo, pain, pressure, infections, head aches, eye aches, jaw aches, throat pain. And this is not going away any time soon.

To continue to deny me headphones and a vibrating watch is deliberately Indifferent to my serious medical needs.

C.C. FILED

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 4-29-19 | Offender: (Please Print) Manith Vilayhong | ID#: M17024 |
|---|---|---|
| Present Facility: C.C.C. | Facility where grievance issue occurred: | C.C.C. |

E-19-4-125

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [x] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): DELIBERATE INDIFFERENCE

- [ ] Disciplinary Report: ____/____/____  _____
  Date of Report        Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): _____

Today I saw the Physician Dr. Santos due to my 3 staph infections in my inner ears. I informed him that both of my ears hurt constantly and that I can't use my earbuds. He told me to NOT USE EARBUDS. I AM Fighting 3 Major infections and I need a pair of headphones and a vibrating watch. The Physician informed me that the infections are very resilient. I will

**Relief Requested:** Request a pair of Headphones and vibrating watch.

- [x] Check **only** if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| M. Vilayhong | M17024 | 4.29.19 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

| Date Received: ____/____/____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____
_____
_____
_____
_____
_____

| Print Counselor's Name | Counselor's Signature | Date of Response ____/____/____ |
|---|---|---|

RECEIVED
APR 29 2019
CENTRALIA CORRECTIONAL CENTER
WARDEN'S OFFICE

---

### EMERGENCY REVIEW

| Date Received: ____/____/____ | Is this determined to be of an emergency nature? | [x] Yes; expedite emergency grievance<br>[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

| _____ | | 5/1/19 |
|---|---|---|
| Chief Administrative Officer's Signature | | Date |

Manith Vilayhong M14024
Centralia Correctional Center
P.O. BOX 7711
Centralia IL, 62801

This Correspondence
Is From An Inmate
Of The IL Dept
Of Corrections

U.S. POSTAGE ⟩⟩ PITNEY BOWES

ZIP 62801   $ 001.45⁰
02 4W
0000358428   JUL 17 2019

CLERK OF COURT
750 MISSOURI AVE
EAST ST. LOUIS IL, 62201
LEGAL



LEGAL MAIL

RECEIVED

JUL 19 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE