# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MANITH VILAYHONG, #M17024, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-cv-00748-SMY ) |
| BENERIO SANTOS, and LANA NALEWAJKA, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Manith Vilayhong, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Centralia Correctional Center ("Centralia"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In the First Amended Complaint,[1] Plaintiff claims he has been denied adequate medical care for chronic bilateral ear infections and thrush by Centralia's physician (Doctor Santos) and health care unit administrator (Nurse Nalewajka). (Doc. 14, pp. 1-25; Doc. 14-1, pp. 1-90). He seeks declaratory judgment, money damages, and injunctive relief in the form of a referral to an ear, nose, and throat ("ENT") specialist. (Doc. 14, p. 12). In August 2019, Plaintiff filed a Motion for Preliminary Injunction (Doc. 10) and Supplement (Doc. 12) in which he complains of ongoing symptoms of infection and pain and requests interim relief. The Court will therefore take up this matter without delay. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

---

[1] Plaintiff filed this action on July 11, 2019. Before this Court screened the Complaint, Plaintiff filed a Motion for Leave to File Amended Complaint. (Doc. 8). The Motion was granted. (Doc. 13). The First Amended Complaint is subject to preliminary review herein. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 14, pp. 1-25; Doc. 14-1, pp. 1-90): Plaintiff suffers from chronic bilateral middle ear infections.[2] (Doc. 14, p. 4). Antibiotic treatment for the infections caused him to develop thrush[3] in his ears, mouth, and possibly esophagus. (*Id.*). He continues to suffer from both conditions. (*Id.*).

Plaintiff began complaining of increased ear pressure, distorted hearing, vertigo, tinnitus, and pain on January 17, 2019. (*Id.* at p. 5). Doctor Santos and Nurse Nalewajka acknowledged the seriousness of his ear infection in late January 2019. (*Id.*). They nevertheless waited 71 days before swabbing Plaintiff's ears in an effort to diagnose and treat the infection. (*Id.* at p. 6). In the meantime, they ignored his complaints of pain and insisted he was fine. (*Id.*).

Doctor Santos did not begin treating the ear infections until April 4, 2019, when he prescribed several rounds of antibiotics that proved ineffective. (*Id.*). They also caused Plaintiff to develop thrush, which was treated unsuccessfully with probiotics. (*Id.* at p. 7). Plaintiff's

---

[2] Plaintiff allegedly suffers from "chronic otitis media"—infection of the middle ear—caused by Staphylococcus infections of the "[P]seudomonas aeruginosa variety 1 and . . . 2." (Doc. 14, p. 4).
[3] Thrush is a condition in which a fungus, Candida albincans, accumulates on the lining of the mouth. Overgrowth of the fungus causes symptoms that include creamy white lesions (usually on the tongue and inner cheek) that may spread to the roof of the mouth, gums, tonsils, or throat. It is typically considered a "minor" problem in healthy adults but can result in more severe symptoms in adults with weakened immune systems. *See* https://www.mayoclinic.org/diseases-conditions/oral-thrush/ (site last visited Aug. 7, 2019).

symptoms persisted, but the medical providers told Plaintiff his infections were gone in early June 2019. (*Id*. at p. 8). When Plaintiff's grandmother requested treatment on Plaintiff's behalf, Doctor Santos and Nurse Nalewajka simply turned a blind eye to his medical conditions. In early July, 2019, Nurse Jane Doe and Doctor Meyer met with Plaintiff and agreed that neither condition was resolved. (*Id*. at p. 10). Plaintiff still exhibited symptoms of bilateral ear infections and thrush. (*Id*.). Doctor Meyer took swabs and submitted a request for an ENT referral. (*Id*.). Plaintiff was still waiting to hear the results on July 8, 2019, just before filing this action. (*Id*.).

## **Motion for Preliminary Injunction and Supplement**

In a Motion for Preliminary Injunction filed August 2, 2019, Plaintiff explains that he was diagnosed with a Candida infection sometime after July 8, 2019. (Doc. 10). The infection has grown worse. (*Id*.). He transferred to the HCU for intravenous treatment with Fortaz. (*Id*. at p. 1). Doctor Santos nevertheless cancelled the request for an ENT referral and told Plaintiff that "collegial" denied it as unnecessary. (*Id*. at p. 2). When Plaintiff pointed out that he suffers from Staph *and* Candida, Doctor Santos disagreed until Plaintiff showed the doctor his medical records. Doctor Santos then "downplayed" the significance of these infections but admitted that Plaintiff probably developed a resistance to antibiotic treatment. However, instead of administering a blood test to determine the scope of the infections and best course of treatment, Doctor Santos told Plaintiff to just "deal" with his symptoms of pain and hearing distortions/loss. (*Id*.).

In a Motion to Supplement filed August 5, 2019, Plaintiff adds that he was discharged from Centralia's HCU on July 30, 2019 and continues to experience excruciating ear pain. (Doc. 12, pp. 1-2). He provides additional medical records to support his request for a referral to an ENT for proper diagnosis and treatment of both conditions. (Doc. 12-1, pp. 1-10).

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate a single count at issue in this *pro se* action:

**Count 1:** Eighth Amendment deliberate indifference claim against Doctor Santos and Nurse Nalewajka for delaying or denying Plaintiff adequate medical care for his chronic bilateral ear infections and thrush in 2019.

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

## Discussion

An Eighth Amendment claim for the denial of medical care arises where prison officials respond to an inmate's objectively serious medical condition with deliberate indifference. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Plaintiff's chronic bilateral ear infections and thrush have been diagnosed by medical professionals as requiring treatment and thus satisfy the objective component of this claim at screening. *Palmer v. Franz*, 928 F.3d 560, 564 (7th Cir. 2019) (citing *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010)). Plaintiff's allegations that both defendants delayed diagnosis and treatment of the conditions and caused him to suffer unnecessary and prolonged pain satisfy the subjective component. Accordingly, Count 1 survives screening and will receive further review against Doctor Santos and Nurse Nalewajka.

## Pending Motions

**1. Motions for Service of Process at Government Expense (Docs. 2 and 7)**

The Motions for Service of Process at Government Expense are **GRANTED**. Service of this lawsuit on Defendants will be ordered in the below Disposition.

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**2.      Motion for Preliminary Injunction and Supplement (Docs. 10 and 12)**

The Court **DEFERS** a decision on Plaintiff's Motion for Preliminary Injunction and Supplement until Defendants have had an opportunity to respond in writing and at a hearing on both motions. The hearing will be set by separate Order. **Defendants are ORDERED to respond to the Motion and Supplement, in writing, no later than seven (7) days before the hearing.**

**3.      Motion for Recruitment of Counsel (Doc. 11)**

The Motion for Recruitment of Counsel is **DENIED** without prejudice.[5] Plaintiff has not satisfied any of the requirements necessary to obtain court-recruited counsel at this time. Plaintiff has not demonstrated that he is unable to afford counsel as required by 28 U.S.C.§ 1915(e). He paid the full filing fee for this action and did not seek leave to proceed *in forma pauperis*. He provided insufficient information to support his claim of indigence. Further, Plaintiff has not demonstrated reasonable efforts to locate counsel on his own. He discloses a single attempt to retain an attorney. (Doc. 11, pp. 1, 3-4). Plaintiff discloses no impediments to contacting counsel, in writing or by phone. Finally, he describes no barriers to self-representation beyond "some" college education and "complex" medical claims. Plaintiff has filed numerous coherent pleadings to date in this relatively straightforward case involving a single medical claim. He has access to medical records (which he filed with the original and First Amended Complaint) and witnesses (which are located at the prison where he is currently confined) necessary to litigate this matter without assistance at this time. Plaintiff has also demonstrated that he is capable of doing so, at least for now. Should his situation change as the case progresses, Plaintiff may file a new motion.

---

[5] In evaluating a motion for recruitment of counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**Disposition**

**IT IS ORDERED** that the First Amended Complaint (Docs. 14, 14-1) survives screening pursuant to 28 U.S.C. § 1915A, as follows: **COUNT 1** will receive further review against Defendants **BENERIO SANTOS** and **LANA NALEWAJKA**. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

The Clerk is **DIRECTED** to **ADD** the **WARDEN OF CENTRALIA CORRECTIONAL CENTER**, in his or her official capacity, as a defendant in CM/ECF for the sole purpose of implementing any injunctive relief that is ordered in this case. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The Warden need only file a Notice of Appearance in this matter and is not required to answer or otherwise respond to the First Amended Complaint.

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **SANTOS, NALEWAJKA,** and **CENTRALIA CORRECTIONAL CENTER'S WARDEN** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Docs. 14, 14-1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the

Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/7/2019**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**