IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MANITH VILAYHONG, #M17024, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00748-SMY |
| | ) |
| BENERIO SANTOS, | ) |
| LANA NALEWAJKA, and | ) |
| WARDEN OF CENTRALIA | ) |
| CORRECTIONAL CENTER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter came before the Court for consideration of Plaintiff Manith Vilayhong's Motion for Preliminary Injunction (Doc. 10) and Supplements (Docs. 12 and 34). Plaintiff seeks an injunction requiring a referral to an ear, nose, and throat ("ENT") specialist for evaluation and treatment of his chronic bilateral ear infections and thrush. Defendant Dr. Santos filed a Response (Doc. 33) and the Court conducted a hearing on the Motion on August 28, 2019.[1] For the reasons detailed on the record and summarized herein, Plaintiff's request for preliminary injunctive relief is **GRANTED**.

To obtain a preliminary injunction, a plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) he has no adequate remedy at law; and (3) he will suffer irreparable harm without the relief. *See Hoban v. Wexford Health Sources, Inc.*, 731 F. App'x 530, 532 (7th Cir. 2018); *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014). Once

---

[1] Plaintiff appeared and testified at the hearing, but Defendants did not. They instead chose to appear by and through counsel.

this burden is met, the Court must weigh the "balance of harm to the parties if the injunction is granted or denied and evaluate the effect of an injunction on the public interest. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013).

Based on the parties' briefing, including the medical records submitted, the Court finds that Plaintiff has demonstrated a "better than negligible" chance of succeeding on the merits of his claim(s). *Valencia v. City of Springfield, Ill.*, 883 F.3d 959, 966 (7th Cir. 2018) (citation omitted). The underlying action involves a single Eighth Amendment medical deliberate indifference claim against Dr. Santos and Nurse Nalewajka for denying Plaintiff effective treatment of bilateral ear infections beginning in January 2019. Plaintiff alleges that delays in medical treatment and the denial of an ENT referral have prolonged his pain unnecessarily and that antibiotics have been ineffective and caused him to develop thrush. These conditions are sufficiently serious to support an Eighth Amendment claim.

The evidence in the record establishes that Dr. Santos informed Plaintiff that his infection was gone in June 2019. Soon thereafter in early July, Dr. Meyers, another prison medical provider tested Plaintiff for infection and diagnosed him with *Staph* and *Candida*. Although Dr. Meyers recommended further evaluation by an ENT, Dr. Santos cancelled the request for a referral.

The record further establishes that Plaintiff's condition deteriorated. He was hospitalized in the healthcare unit (HCU) in late July and given intravenous treatment with Fortaz. Nevertheless, he credibly complains of ongoing chronic ear pain, vertigo, nausea, fluid buildup, and drainage. Defendants have diagnosed him only with excessive ear wax. Based on these facts, Plaintiff has no adequate remedy at law and will suffer irreparable harm should this Court not issue a preliminary injunction requiring the defendants to expeditiously refer him to an ENT for evaluation. *See Hoban*, 731 F. App'x at 531-32.

The Court concludes that the balance of equities weigh in favor of a preliminary injunction in this case and that the requested relief comports with the Prison Litigation Reform Act's requirement that injunctive relief be "narrowly drawn" and "extend no further than necessary to correct the harm." 18 U.S.C. § 3626(a). Accordingly, Plaintiff's Motion for Preliminary Injunction as supplemented (Docs. 10, 12, and 34) is **GRANTED**.

### PRELIMINARY INJUNCTION

The Clerk of Court is **DIRECTED to SUBSTITUTE** Defendant **JOE FATHEREE** (official capacity only) in place of Defendant **WARDEN OF CENTRALIA CORRECTIONAL CENTER** (official capacity only) as a party to this action in CM/ECF. Warden Fatheree, acting in his or her official capacity and working with Defendants, is responsible for implementing any injunctive relief that is ordered in this case, including the following:

Pursuant to Federal Rules of Civil Procedure 65(a) and (d), Defendants are **HEREBY ORDERED** to schedule an appointment on Plaintiff's behalf with an ear, nose, and throat specialist ("ENT") for evaluation (and treatment if so recommended) of his bilateral ear infections, thrush, and related symptoms; said appointment to take place within **14 days** of the date of this Order.

**DEFENDANTS ARE FURTHER ORDERED** to file a written notice advising the Court the date and time of Plaintiff's appointment with an ENT on or before September 17, 2019; Defendants shall advise the Court in the event of any change in the appointment date or time, indicating all steps taken to reschedule the appointment (with the same or alternative provider) and all steps taken to ensure compliance with this Order.

**DEFENDANTS ARE FURTHER ORDERED** to file a written notice advising the Court indicating what, if any, diagnosis and treatment plan was recommended for Plaintiff and all steps

taken to implement the plan for treatment of his chronic ear infections, thrush, and related symptoms within fourteen (14) days after Plaintiff's appointment with an ENT.

**IT IS SO ORDERED.**

**DATED: 9/3/2019**

s/ STACI M. YANDLE
**United States District Judge**